# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0668V
### Filed: August 2, 2019
UNPUBLISHED

|  |  |
|---|---|
| HEATHER SHEEHAN,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Eric J. Haag, Atterbury, Kammer & Haag, S.C., Middleton, WI, for petitioner.*
*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 10, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on October 25, 2016. Petition at 1. On May 23, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 30.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 21, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 35.  Petitioner requests attorneys' fees in the amount of $11,985.00 and attorneys' costs in the amount of $1,181.87.  *Id.* at 1.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  ECF No. 35-1, ¶9.  Thus, the total amount requested is $13,166.87.

On July 2, 2019, respondent filed a response to petitioner's motion.  ECF No. 37.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Attorney Fees

### A.   Hourly Rate

Petitioner requests the rate of $350 per hour for all time billed by his attorney, Eric J. Haag.  Mr. Haag has been a licensed attorney in the state of Wisconsin for over 20 years.  The undersigned finds the requested rate reasonable.

### B.   Non-Compensable Billing

The undersigned finds it necessary to reduce Mr. Haag's requested hours for tasks that are not compensable, which includes his time spent preparing and applying for admission to the United States Court of Federal Claims.  Fees and costs related to counsel's bar admission are not compensable.  *Raymo v. Sec'y of Health & Human Servs.*, No. 11–654V, 2016 WL 7212323, at *24 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Examples of these tasks include:

- September 11, 2017 (1.2 hrs) "Research Vaccine Compensation Program"
- October 9, 2017 (0.50 hrs) "Research and read procedures for US Court of Federal Claims"
- October 20, 2017 (0.20 hrs) "Draft Affidavit of Lynn Laufenberg Re: Admission to United States Court of Federal Claims"
- October 23, 2017 (0.10 hrs) "Review and sign Petition for Admission to practice in United States Court of Federal Claim"
- February 20, 2018 (0.70 hrs) "Review of Vaccine Court procedures Re: experts"

ECF No. 35-2 at 1-2.[3]

The undersigned reduces the request for attorney's fees by **$1,330.00**[4], the total amount of the tasks billed that are non-compensable.

## III.   Attorney Costs

Petitioner requests reimbursement for attorney costs incurred by counsel in the amount of $1,181.87.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of costs sought.

---

[3] These are examples and not an exhaustive list.

[4] This amount consists of 3.8 hrs x $350 per hour = $1,330.00.

### IV.      Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $11,836.87[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Eric J. Haag.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

4